Bruce H. Nagel
**NAGEL RICE, LLP**
103 Eisenhower Parkway
Roseland, New Jersey 07068
973-618-0400
bnagel@nagelrice.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTINE KRULAN, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>Plaintiffs,<br><br>-vs.-<br><br>TD BANK, N.A,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND** |

Plaintiff Christine Krulan (hereinafter, "Plaintiff"), by and through her attorneys, Nagel Rice, LLP, on behalf of herself and all others similarly situated, make the following allegations on personal knowledge, and information and belief:

### I.      IDENTIFICATION OF PARTIES
### (Local Civil Rule 10.1)

1.      The names and addresses of the named parties to this action are: (i) Christine Krulan, 10 Bristol Terrace, Long Valley, New Jersey, 07853; (ii) TD Bank, N.A. is a national association, federally chartered pursuant to the National Bank Act, 12 U.S.C. § 38, et seq., with a principal place of business located at 1701 Route 70 East, Cherry Hill, N.J. 08034, authorized to do business in the State of New Jersey and maintaining a network of retail branches within the District.

## II.   FACTUAL BACKGROUND AND THE NATURE OF THE ACTION

2.   Plaintiff brings this action for actual damages, statutory damages, punitive damages, common law damages, attorneys' fees, costs, equitable relief, including restitution, injunctive relief, and disgorgement of profits, and all other relief available on behalf of herself and all similarly-situated individuals and entities (hereinafter, the "Class" or "Class Members") who utilized (and, in the case of non-account holders, paid for) TD Bank's "Penny Arcade" coin-counting service within the six years prior to the filing of this Complaint.

3.   TD Bank describes Penny Arcade as a "fun, interactive and efficient coin-counting machine," that is "[d]esigned and used exclusively by TD Bank," that is intended for use by both children and adults, and as such "[h]as interactive touch screens both at kid and adult height."[1]

4.   According to TD Bank, Penny Arcade is used as follows:

> To get started, you'd place your coins in the tray… Next you would select the touch screen and follow the on-screen prompts. Penny [Arcade] is very polite and will walk you through the process. Once complete, a slip will print from the machine that has the total value of your coins counted that can be redeemed with a Teller.[2]

5.   TD Bank further states that Penny Arcade "[c]an count 3,500 coins per minute," "[w]ill count any U.S. coin (except silver dollars)" and that "[i]n 2012 we counted more than 29 billion coins – 49% were pennies!"[3]

---

[1] See: http://www.tdbank.com/penny10/facts.html ("Penny Arcade Fun Facts," retrieved April 25, 2016).

[2] See: http://www.tdbank.com/tdhelps/default.aspx/how-do-you-use-the-penny-arcade/v/38938317/ ("How do you use the penny arcade," retrieved April 25, 2016).

[3] See: http://www.tdbank.com/penny10/facts.html ("Penny Arcade Fun Facts," retrieved April 25, 2016).

6.     Use of Penny Arcade is "free for TD Bank customers," while individuals who do not have an account at TD Bank must pay a "8% usage fee, a competitive price that lets you enjoy this exclusive customer benefit."[4]

7.     TD Bank further assures its customers that each Penny Arcade is "tested at least 3 times a day to make sure it's accurate."[5]

8.     On April 6, 2016, NBC aired a segment of the Rossen Report, which reported that, contrary to TD Bank's representations, the Penny Arcades fail to accurately count customers' coins, and instead supply sums less than the amount of change inserted by customers.[6]

9.     During the investigative report, Jeff Rossen and his team tested Penny Arcades at five different TD Bank branches in New York City. Rossen and his team inserted exactly $300.00 worth of quarters, dimes, nickels and pennies that they had carefully counted into each of the five machines, and found that "none of them are accurate." Rather, each of the five machines short-changed Rossen and his team by as much as $43.10. None of the tests resulted in a discrepancy in the customer's favor.[7]

---

[4] See http://tdbank.intelliresponse.com/index.jsp?requestType=NormalRequest&source=6&id=1709&question=Is+there+a+fee%2Fcharge+for+using+the+Penny+Arcade+coin+counting ("Is there a fee/charge for using the Penny Arcade coin counting," retrieved April 25, 2016).

[5] See: http://www.tdbank.com/penny10/facts.html ("Penny Arcade Fun Facts," retrieved April 25, 2016).

[6] See http://www.today.com/money/coin-counting-machines-may-be-shortchanging-you-t84226 (retrieved April 25, 2016).

[7] Id.

10.     The week after they tested the five machines, Rossen and his team returned to the TD Bank branch that short-changed them $43.10 and informed the branch manager as to what had occurred, to which the branch manager responded: "I'll look into your concern, absolutely."[8]

11.     Rossen also stated that he contacted "TD Bank corporate" regarding what he and his team discovered, and received the following response: "We are disappointed with the experience the Today Show had with our coin counting Penny Arcade machines and place a premium on their integrity… we clean and test them twice daily."[9]

12.     TD Bank has since removed *all* of its Penny Arcades from *all* of its branches nationwide. For example, Rossen reported that: "After sharing what we found, TD Bank is now pulling all coin machines out of service at all branches nationwide to be evaluated and tested. Those machines will only go back into service when the bank says they are satisfied they meet the performance requirements. TD Bank is also telling NBC News they're going to enhance the maintenance routinely, and how they do this day to day based on what we found."[10]

13.     That *all* of the Penny Arcades were removed nationwide is further confirmed by TD Bank's website, which states that: "TD Bank is committed to delivering a legendary customer experience. To this end, we have taken our Penny Arcade machines out of service for evaluation. We apologize for the inconvenience."[11] It is also confirmed by a photograph published by the New York Post on April 7, 2016, which shows a sign in a TD Bank branch in New York City which states:

---

[8] Id.
[9] Id.
[10] Id.
[11] See: https://www.tdbank.com/net/absearch/ ("Penny Arcade," retrieved April 25, 2016).

**PENNY'S AT A CHECK-UP
AND DOWN FOR THE COUNT AT
ALL OF OUR LOCATIONS
We'll let you now when she's feeling better!**[12]

14.     The same New York Post article reported that a bank teller at a TD Bank branch in mid-town Manhattan stated that pulling the Penny Arcades from all its branches constitutes "a company upgrade — from Maine to Florida."[13] Another article reported that a TD Bank regional customer service agent stated that "Some TD Bank locations in New York were making mistakes so TD took them out of every branch nationwide."[14]

15.     In response to a customer question on its website, TD Bank stated that "we're taking our coin-counting machines out of service until they meet our high standards of accuracy."[15]

16.     Thereafter, TD Bank decided to discontinue using Penny Arcades stating "[r]ecent accounts regarding the performance of our Penny machines have led us to reassess this offering," and "[w]e have determined that it is difficult to ensure a consistently great experience for our customers."[16]

17.     Plaintiff alleges, upon information and belief, that all of TD Bank's Penny Arcades inaccurately count coins and shortchange customers across-the-board.

---

[12] Richard Morgan, *TD Bank's 'Penny Arcades' were probably stealing your kids' change* (Apr. 7, 2016), http://nypost.com/2016/04/07/td-banks-penny-arcades-was-probably-stealing-your-kids-change/ (retrieved April 25, 2016).

[13] Id.

[14] Grace McCullum, *TD Bank Admits Errors, Removes Coin Counting Machines From All Branches* (Apr. 14, 2016), https://www.tapinto.net/towns/flemington-slash-raritan/articles/td-bank-admits-errors-removes-coin-counting-mach (retrieved April 25, 2016).

[15] See: http://www.tdbank.com/tdhelps/default.aspx/when-will-the-penny-arcade-machines-be-ready-for-use-again-i-have-hundreds-of-dollars-in-coins-i-would-like-to-cash-in/v/43509427/ (Apr. 24, 2016, retrieved April 25, 2016).

[16] Richard Morgan, *TD Bank dumps its faulty coin-counting machines* (May 19, 2016), http://nypost.com/2016/05/19/td-bank-dumps-coin-counting-machines-after-complaints/ (retrieved May 19, 2016).

18.     Upon information and belief, when it made its Penny Arcades available for use by the public, TD Bank knew, or was negligent in not knowing, that all the Penny Arcades inaccurately counted coins and shortchanged customers.

19.     TD Bank knew, or was negligent in not knowing, at or before the time it made its Penny Arcades available for use to the public, that its Penny Arcades inaccurately counted coins and shortchanged customers. TD Bank had sole and exclusive possession of this knowledge.

20.     Notwithstanding this knowledge, TD Bank made material misrepresentations and concealed material information in its marketing and advertising of its Penny Arcade services, regarding its knowledge of the inaccurate counting of coins and shortchanging of customers, both at the time they made the Penny Arcades available for public use and on an ongoing basis.

21.     At all times, TD Bank made written misrepresentations to Plaintiff and the Class that the Penny Arcades functioned properly and accurately and failed to remove the Penny Arcades from its branches or take adequate remedial action. Instead, TD Bank continued to make its Penny Arcades available for use to the public, and continued to advertise their services, even though it knew, or was negligent in not knowing, that the Penny Arcades inaccurately counted coins and shortchanged customers, and would result in Plaintiff losing money and being unable to use the Penny Arcades for her intended purpose, as Plaintiff reasonably expected she would be able to do.

22.     At all times, TD Bank concealed from Plaintiff and the Class that the Penny Arcades inaccurately counted coins and shortchanged customers and failed to remove the Penny Arcades from its branches or take adequate remedial action. Instead, TD Bank continued to make its Penny Arcades available for use to the public, and continued to advertise their services, even though it knew, or was negligent in not knowing, that the Penny Arcades inaccurately counted

coins and shortchanged customers, and would result in Plaintiff losing money and being unable to use the Penny Arcades for her intended purpose, as Plaintiff reasonably expected she would be able to do.

23.     As a consequence of TD Bank's false and misleading statements, and active and ongoing concealment, that the Penny Arcades inaccurately count coins and shortchange customers, Plaintiff and the Class Members utilized the Penny Arcades' coin-counting services and have incurred damages.

24.     Plaintiff asserts claims on behalf of herself and the Class Members under the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1, et seq. (hereinafter, the "CFA"), and similar consumer fraud protection statutes of other states.

25.     Plaintiff also asserts claims on behalf of herself and the Class for fraudulent concealment/nondisclosure, negligent misrepresentation, unjust enrichment, breach of contract, conversion and violation of the Truth-in-Consumer Contract, Warranty and Notice Act, N.J.S.A. § 56:12-14, et seq. (hereinafter, the "TCCWNA").

26.     Plaintiff seeks actual damages, statutory damages, punitive damages, common law damages, attorneys' fees, costs, equitable relief, including restitution, injunctive relief, and disgorgement of profits, and all other relief available to Plaintiff and the Class.

### III.     PARTIES

27.     Plaintiff Christine Krulan (hereinafter, "Krulan") is an individual residing at 10 Bristol Terrace, Long Valley, New Jersey, 07853. During the past six years, Krulan used a TD Bank Penny Arcade at a number of branches including the New Jersey branches in Flanders and Budd Lake to count her coins and to change money. On numerous occasions, prior to using the Penny Arcade, Krulan counted all her coins and knew the exact amount of change she brought to

and placed into the Penny Arcade. The Penny Arcade incorrectly tallied the amount of coins Krulan placed into the Penny Arcade. Krulan had an account with TD Bank. The following are examples of the Penny Arcade shortchanging Krulan:

a. Krulan counted $259.50 of coins. Thereafter, on December 1, 2011 Krulan placed the $259.50 into the Penny Arcade in the Budd Lake New Jersey branch. The Penny Arcade shortchanged Krulan $60.44

b. Krulan counted $596.15 of coins. Thereafter, on February 9, 2012 Krulan placed the $596.15 into the Penny Arcade in the Budd Lake New Jersey branch. The Penny Arcade shortchanged Krulan $40.92.

c. Krulan counted $312.89 of coins. Thereafter, on March 5, 2012 Krulan placed the $312.89 into the Penny Arcade in either the Budd Lake or Flanders New Jersey branch. The Penny Arcade shortchanged Krulan $41.06.

d. Krulan counted $337.58 of coins. Thereafter, on April 20, 2012 Krulan placed the $337.58 into the Penny Arcade in the Budd Lake or Flanders New Jersey branch. The Penny Arcade shortchanged Krulan $41.03

28. At all times Krulan utilized the Penny Arcade as advertised.

29. Plaintiff placed coins into the Penny Arcade at the Budd Lake branch on November 26, 2011. The Penny Arcade shortchanged Krulan. Krulan complained to the branch manager. Thereafter, the manager informed Krulan that the bank had realized a surplus of money on the day that Krulan was shortchanged and the bank provided her with a credit. This establishes that TD Bank is aware of the shortchanging. It further establishes that TD Bank has a mechanism to identify the surplus from shortchanging its customers.

30.     In addition to the November 26, 2011 incident, Krulan complained to TD Bank personnel on numerous occasions as early as 2011 that she was shortchanged by the Penny Arcade. Among other things, TD Bank blamed Krulan for the shortage. TD Bank failed to take any action in response to Krulan's complaints.

31.     Krulan's use of TD Bank's Penny Arcade resulted in her being shortchanged. Krulan received less than she was promised and/or should have received, and has suffered an ascertainable loss, which includes the amount she was shortchanged by TD Bank's Penny Arcade.

32.     TD Bank, N.A. is a national association, federally chartered pursuant to the National Bank Act, 12 U.S.C. § 38, et seq., with a principal place of business located at 1701 Route 70 East, Cherry Hill, N.J. 08034, authorized to do business in the State of New Jersey and throughout the United States and maintaining a network of retail branches within this District and throughout the United States.

## IV.     JURISDICTION AND VENUE

33.     This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), as the proposed class contains more than 100 members, at least one of whom maintains citizenship in a state diverse from TD Bank, and seeks in the aggregate more than Five Millions Dollars ($5,000,000.00), exclusive of costs and interest.

34.     This Court has personal jurisdiction over the Defendant because TD Bank has its principal place of business in New Jersey and has numerous branches and business dealings within the state. TD Bank has numerous offices and conducts substantial business in New Jersey, has had systematic and continuous contacts with New Jersey, promotes its products in New

Jersey, and has agents and representatives that can be found in New Jersey.

35.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff is a resident of this judicial District, a substantial part of the events giving rise to the claims set forth herein occurred and emanated from this District, and TD Bank's conduct has injured members of the Class residing in this District. Accordingly, this Court has jurisdiction over this action, and venue is proper in this judicial District.

### V.      NEW JERSEY'S SUBSTANTIVE LAW APPLIES TO THE PROPOSED NATIONWIDE CLASS

36.     It is appropriate to apply New Jersey law to the nationwide claims because New Jersey's interest in this litigation exceeds that of any other state.

37.     New Jersey's substantive laws may be constitutionally applied to the claims of Plaintiff and the Class under the Due Process Clause, 14th Amend., § 1, and the Full Faith and Credit Clause, Art. IV., § 1, of the U.S. Constitution. New Jersey has significant contact, or significant aggregation of contacts, to the claims asserted by Plaintiff and all Class members, thereby creating state interests that ensure that the choice of New Jersey state law is not arbitrary or unfair.

38.     As discussed above, TD Bank has its principal place of business in Cherry Hill, New Jersey. TD Bank conducts substantial business in New Jersey and, therefore, New Jersey has an interest in regulating TD Bank's conduct under its laws. TD Bank's decision to reside in New Jersey and avail themselves of New Jersey's laws renders the application of New Jersey law to the claims herein constitutionally permissible.

39.     Upon information and belief, based on the foregoing, TD Bank's policies, practices, acts and omissions giving rise to this action were developed in, and emanated from,

TD Bank's headquarters in Cherry Hill, New Jersey. Accordingly, the State of New Jersey has the most significant relationship to this litigation and its law should govern.

## VI. CLASS ACTION ALLEGATIONS

40.     Plaintiff brings this action on behalf of herself and all other persons similarly situated, pursuant to Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure.

41.     The Class that Plaintiff seeks to represent is defined as follows: All persons or entities residing in the United States who utilized TD Bank's "Penny Arcade" coin-counting service within the six years prior to the filing of this Complaint.

42.     Excluded from the Class are: (a) TD Bank, any entity in which TD Bank has a controlling interest, and its legal representatives, officers, directors, employees, assigns, and successors; (b) the United States government, the New Jersey government or any agency or instrumentality thereof; and (c) the judge to whom this case is assigned and any member of the judge's immediate family. Plaintiff reserves the right to amend the Class definition if discovery and/or further investigation reveal that the Class should be divided into subclasses, amended, expanded, or modified in any other way.

43.     **Numerosity/Impracticability of Joinder**:  The Proposed Class Members are so numerous that the individual joinder of all its members, in this or any action, is impracticable. The exact number or identification of the members of the proposed Class is presently unknown to Plaintiff, but it is believed to comprise thousands, if not tens of thousands, of individuals and entities, thereby making joinder impractical.

44.     The proposed Class is composed of an easily ascertainable, self-identifying set of individuals and entities who utilized TD Bank's "Penny Arcade" coin-counting service, as described herein.

11

45.     **Commonality and Predominance**:  There are common questions of law and fact that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, include, but are not limited to, the following:

a.      Whether all of defendant TD Banks' Penny Arcades shortchanged customers;

b.      When defendant TD Bank first became aware (or should have become aware) that its Penny Arcades were shortchanging customers;

c.      Whether the Penny Arcades' shortchanging is a material fact that reasonable customers would have considered in deciding whether to utilize this service;

d.      Whether defendant TD Bank knowingly concealed the fact that its Penny Arcades were shortchanging customers;

e.      Whether defendant TD Bank intended that customers be misled;

f.      Whether defendant TD Bank intended that customers rely on its non-disclosure of the fact that the Penny Arcades shortchanged its users;

g.      Whether defendant TD Bank misrepresented the reliability of its Penny Arcades;

h.      Whether, by the misconduct set forth herein, defendant TD Bank violated consumer protection statutes and/or false advertising statutes and/or state deceptive business practice statutes;

i.      Whether, by the misconduct set forth herein, defendant TD Bank violated the common laws of fraudulent concealment/non-disclosure and negligent misrepresentation;

j.      Whether, by the misconduct set forth herein, defendant TD Bank violated the common laws of unjust enrichment;

k.      Whether, by the conduct set forth herein, defendant TD Bank breached its contracts with Plaintiff and the other Class Members;

l.      Whether, by the conduct set forth herein, defendant TD violated the Truth-in-Consumer Contract, Warranty and Notice Act, N.J.S.A. § 56:12-14, et seq.;

m.     Whether defendant TD Bank's false and misleading statements of facts and concealment of material facts regarding the Penny Arcades' inaccurate counting of coins and shortchanging of customers was likely to deceive the public;

n.      Whether, by the conduct set forth herein, defendant TD Bank committed conversion;

o.      Whether defendant TD Bank's acts and omissions violated the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-2, et seq.;

p.      Whether consumers/customers have suffered an ascertainable loss; and

q.      The nature and extent of damages and other remedies entitled to the Class Members.

46.     **Typicality**: Plaintiff's claims are typical of the claims of members of the proposed Class because, upon information and belief, the Penny Arcades shortchanged customers across-the-board, and Plaintiff was exposed to the same acts and/or omissions.

47.     The factual bases of TD Bank's misconduct are common to the members of the Class and represent a common thread of fraudulent misconduct and deceptive trade practices resulting in injury to all proposed Class Members. Plaintiff is asserting the same rights, making the same claims, and seeking the same relief for herself and all other members of the proposed Class.

48.     **Adequacy**: Plaintiff is an adequate representative of the proposed Class because

she is a member of the proposed Class and does not have interests that conflict with those of the proposed Class members she seeks to represent.

49.     Plaintiff is represented by experienced and able counsel, who have litigated numerous class action lawsuits, and Plaintiff's counsel intends to prosecute this action vigorously for the benefit of the proposed Class. Plaintiff and her counsel can fairly and adequately protect the interests of the members of the proposed Class.

50.     **Superiority**: A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all Class members is not economically feasible and is procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, and are no less than five million dollars, upon information and belief, the individual damages incurred by each Class member resulting from TD Bank's wrongful conduct are too small to warrant the expense of individual suits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every Class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Individual members of the Class do not have a significant interest in individually controlling the prosecution of separate actions, and individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all of the parties and to the court system because of multiple trials of the same factual and legal issues. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. In addition, TD Bank has acted or refused to act on grounds generally applicable to the Class and, as such, final injunctive relief or corresponding declaratory relief with regard to the members of the Class as a whole is appropriate.

## VII.    CLAIMS FOR RELIEF

### FIRST COUNT
### (Violations of New Jersey's Consumer Fraud Act, N.J.S.A. § 56:8-2, et seq. and Substantially Similar Law of Certain Other States)

51.    Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

52.    Plaintiff and other members of the Class are "consumers" within the meaning of the CFA, and the consumer protection statutes of certain other states.

53.    TD Bank's Penny Arcade coin-counting services are "services" within the meaning of the CFA.

54.    At all relevant times material hereto, TD Bank conducted trade and commerce in New Jersey and elsewhere within the meaning of the CFA.

55.    The CFA is, by its terms, a cumulative remedy, such that remedies under its provisions can be awarded in addition to those provided under other remedies.

56.    TD Bank has engaged in deceptive, unconscionable, unfair, fraudulent and misleading commercial practices with regard to its Penny Arcade coin-counting services, which it knew to uniformly shortchange customers across-the-board.

57.    At all relevant times, TD Bank had exclusive knowledge of the fact that its Penny Arcades shortchanged customers and failed to disclose the foregoing.

58.    TD Bank represented that its services had characteristics, uses, benefits, or quantities that they did not have, and were of a particular standard, quality or grade that they were not.

59.    In its marketing and advertising, TD Bank undertook active and ongoing steps to conceal the fact that its Penny Arcades inaccurately counted coins and shortchanged customers,

and has consciously withheld material facts from Plaintiff and other members of the Class with respect to the foregoing.

60.     Plaintiff is aware of nothing in TD Bank's advertising, publicity, or marketing materials that discloses the truth about the Penny Arcades (prior to the Penny Arcades being removed from service from all TD Branches), despite TD Bank's awareness, or negligent unawareness, of the problem.

61.     TD Bank's conduct was objectively deceptive and had the capacity to deceive reasonable consumers under the circumstances. The fact that Penny Arcades would shortchange customers was a material fact that a reasonable and/or unsophisticated consumer would attach importance to. This fact would influence a reasonable consumers' choice to utilize the Penny Arcades' coin-counting services.

62.     TD Bank intended that Plaintiff and the other members of the Class rely on its acts of concealment and omissions by utilizing the Penny Arcades' coin-counting services, rather than using a competitor's services.

63.     Had TD Bank disclosed all material information regarding the Penny Arcades to Plaintiff and other members of the Class, including but not limited to the inaccurate coin counting and shortchanging, they would not have used the Penny Arcades' coin-counting services.

64.     TD Bank's conduct had an impact on the public interest because the acts were part of a generalized course of conduct affecting numerous consumers.

65.     As a result of the foregoing acts, omissions, and practices, Plaintiff and other members of the Class have suffered an ascertainable loss by utilizing TD Bank's Penny Arcade services, which resulted in shortchanging, as well as an 8% surcharge for those without a TD

Bank account. Plaintiff, for herself and each member of the Class, are entitled to recover their damages, together with appropriate penalties, including treble damages, attorneys' fees, interest, and costs of suit.

66.     Application of the CFA to all Class members, regardless of their state of residence, is appropriate as described herein and because, *inter alia*, the facts and circumstances of this case reflect numerous contacts with the State of New Jersey so as to create a state interest in applying the CFA to TD Bank, thereby making application of New Jersey law to the entire Class appropriate.

### SECOND COUNT
### (Fraudulent Concealment/Nondisclosure)

67.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

68.     TD Bank knew or was negligent in not knowing at the time it placed its Penny Arcades in public for use by customers that the Penny Arcades inaccurately count coins and shortchange customers.

69.     TD Bank fraudulently concealed from and/or intentionally failed to disclose to Plaintiff, the Class, and all others that Penny Arcades inaccurately count coins and shortchange customers.

70.     TD Bank had exclusive knowledge that the Penny Arcades inaccurately count coins and shortchange customers and failed to disclose these issues.

71.     TD Bank had the capacity to, and did, deceive customers into believing that Penny Arcades accurately counted customers' coins, without shortchanging them.

72.     TD Bank undertook active and ongoing steps to conceal the fact that Penny Arcades shortchanged customers, because TD Bank knew or should have known that it could

17

alert customers to the foregoing, yet TD Bank chose not to do so.

73.     Plaintiff is aware of nothing in TD Bank's advertising, publicity, or marketing materials that discloses the truth about the inaccurate counting of coins and shortchanging by TD Bank's Penny Arcades (prior to the Penny Arcades being removed from service from all TD Branches), despite TD Bank's awareness of the problem.

74.     The facts concealed and/or not disclosed by TD Bank to Plaintiff and the Class are material facts in that a reasonable person would have considered them important in deciding whether or not to utilize the Penny Arcades' coin-counting services.

75.     If the facts concealed and/or not disclosed by TD Bank to Plaintiff and the proposed Class had been disclosed to them, the Plaintiff and the proposed Class would not have utilized the Penny Arcades' coin-counting services.

76.     TD Bank had a duty to disclose the fact that Penny Arcades inaccurately counted coins and shortchanged customers by virtue of the fact that customers would reasonably expect disclosure of the foregoing.

77.     TD Bank intentionally concealed and/or failed to disclose the problems with the Penny Arcades for the purpose of inducing Plaintiff and the Class to act thereon.

78.     Plaintiff and the Class justifiably acted or relied upon the concealed and/or non-disclosed facts to their detriment, as evidenced by their usage of the Penny Arcades.

79.     As a direct and proximate cause of TD Bank's misconduct, Plaintiff and Class Members have suffered actual damages by utilizing TD Bank's Penny Arcade services, which resulted in shortchanging across-the-board, as well as an 8% surcharge for those without a TD Bank account.

80.     TD Bank's conduct has been and is wanton and/or reckless and/or shows a

reckless indifference to the interests of others.

81.     TD Bank has acted with malice by engaging in conduct that was and is intended by TD Bank to cause injury to the Plaintiff and the Class.

82.     TD Bank has committed fraud through its concealment of material facts known to TD Bank with the intent to cause injury to the Plaintiff and the Class.

83.     Plaintiff, on behalf of herself and all others similarly situated, demand judgment against TD Bank for actual and punitive damages for themselves and each member of the Class, plus attorneys' fees, interest, and costs.

### THIRD COUNT
### (Negligent Misrepresentation)

84.     Plaintiff incorporates the above allegations by reference as if fully set forth herein.

85.     Defendant TD Bank made a series of misrepresentations and material omissions, as alleged herein. Defendant's statements were material, false, deceptive, and misleading and omitted material facts necessary to make the statements not misleading; such material misrepresentations and omissions were the result of the TD Bank's negligence.

86.     Defendant TD Bank owed a duty to Plaintiff and members of the proposed Class to exercise reasonable care in making representations about the Penny Arcades.

87.     Plaintiff and the proposed Class Members relied (or should be presumed to have relied) on Defendant's material representations and omissions regarding usage of the Penny Arcades. As a result of their justifiable reliance, Plaintiff and members of the Class were induced to utilize the Penny Arcades. Plaintiff's reliance and the Class Members' reliance were reasonably foreseeable by Defendant (and in fact, that is why the defendant, TD Bank, made the misrepresentations that it did).

88.     As a direct and proximate result of the negligent misrepresentations made by Defendant, Plaintiff and the Proposed Class Members have been damaged.

89.     Plaintiff, on behalf of herself and all others similarly situated, demand judgment against TD Bank for actual damages for themselves and each member of the Class, plus attorneys' fees, interest, and costs.

**FOURTH COUNT**
**(Unjust Enrichment)**

90.     Plaintiff incorporates the above allegations by reference as if fully set forth herein.

91.     TD Bank's acts and/or omissions allowed them to gain millions of dollars in profits that would not have been gained, but for their wrongful conduct.

92.     Plaintiff and the members of the Class utilized TD Bank's Penny Arcades service, which they would not otherwise have done had TD Bank informed them that the Penny Arcades inaccurately count coins and shortchange customers.

93.     Plaintiff and the members of the Class suffered damages as a result of the foregoing.

94.     TD Bank has been unjustly enriched by the Penny Arcades' inaccurate counting of coins and shortchanging of customers.

95.     TD Bank lacks legal justification for the wrongful acts and/or omissions it undertook at the expense of Plaintiff and the members of the Class, as alleged herein.

96.     The circumstances are such that it would be inequitable, unconscionable, and unjust to permit TD Bank to retain the benefit of the profits that it unfairly has obtained via the Penny Arcades' inaccurate counting of coins and shortchanging of customers.

97.     Plaintiff and the members of the Class, having been injured by TD Bank's

conduct, are entitled to restitution and/or disgorgement of profits as a result of the unjust enrichment of TD Bank to their detriment.

## FIFTH COUNT
## (Breach of Contract)

98.   Plaintiff incorporates the above allegations by reference as if fully set forth herein.

99.   Each Plaintiff entered into a contract with TD Bank, whereby it was agreed that customers with accounts could utilize TD Bank's Penny Arcades free of charge in order to count and change their coins, and that non-account holders would be able to utilize the same services for an 8% surcharge.

100.   Plaintiff and the Class satisfied any and all contractual obligations.

101.   TD Bank promised Plaintiff and the Class, through its conduct, that the Penny Arcades would accurately count customers' coins.

102.   TD Bank knew and intended that its customers use the Penny Arcades to accurately count their coins.

103.   Defendant TD Bank breached said contracts by failing to disclose and/or actively concealing the fact that the Penny Arcades inaccurately counted coins, thereby shortchanging its customers.

104.   TD Bank breached said contracts by shortchanging its customers.

105.   As a proximate result of TD Bank's breaches, Plaintiff and other Class Members have suffered damages.

106.   Plaintiff, on behalf of herself and all others similarly situated, demand judgment against TD Bank for all damages allowable under the law, actual damages for themselves and each member of the Class, plus attorneys' fees, interest, and costs.

## SIXTH COUNT
## (<u>Violation of the Truth in Consumer Contract, Warranty and Notice Act,</u>
## <u>N.J.S.A. § 56:12-14, et seq.</u>)

107.   Plaintiff incorporates the above allegations by reference as if fully set forth herein.

108.   The TD Bank website, and associated webpages, constitute an offer to any consumer or prospective consumer and a display of a notice or sign, which includes provisions that violate clearly established legal rights of consumers of coin-counting and money changing services, and violated responsibilities of those offering such services established by State law at the time the notice was displayed. Thus, the web pages viewed by Plaintiff and others similarly situated are consumer notices subject to the TCCWNA.

109.   The TCCWNA, at <u>N.J.S.A.</u> 56:12-15 provides:

> No seller… shall in the course of his business offer to any consumer or prospective consumer or enter into any written consumer contract or give or display any written consumer warranty, notice or sign after the effective date of this act which includes any provision that violates any clearly established legal right of a consumer or responsibility of a seller, lessor, creditor, lender or bailee as established by State or Federal law at the time the offer is made or the consumer contract is signed or the warranty, notice or sign is given or displayed.

110.   Plaintiffs are "consumers" within the definition of the TCCWNA.

111.   Plaintiff, and similarly situated Class members, are consumers of the services offered by TD Bank and the information on the website that fails to clearly indicate that the Penny Arcades inaccurately count coins and shortchange customers.

112.   The information on TD Bank's website violates New Jersey Law as set forth in the relevant Regulations. This false and misleading notice also violates the CFA, which provides clearly established rights under New Jersey law.

113.   <u>N.J.S.A.</u> 56:12-17 mandates that a business that violates the provisions of TCCWNA shall be liable for statutory damages of "not less than $100.00 or for actual damages, or both at the election of the consumer, together with reasonable attorneys' fees and court costs."

**SEVENTH COUNT**
**(<u>Conversion</u>)**

114.   Plaintiff incorporates the above allegations by reference as if fully set forth herein.

115.   The Penny Arcades' inaccurate counting of coins and shortchanging of customers constitutes the willful or negligent exercise of dominion over Plaintiff's and the Class members' monies, and/or the repudiation of the right of Plaintiff and the Class members to possess their monies. The foregoing actions by defendant TD Bank were inconsistent with, and interfered with, the possession rights of Plaintiff and the Class members and their ability to control their monies.

116.   TD Bank's willful or negligent deprivation of the rights of Plaintiff and the Class members of possession of their monies constitutes conversion.

117.   As a proximate result of TD Bank's unlawful conversion, Plaintiff and the Class members have been damaged, including but not limited to, their inability to possess and utilize their monies.

118.   Plaintiff, on behalf of herself and all others similarly situated, demand judgment against TD Bank for all damages allowable under the law, actual damages for themselves and each member of the Class, punitive damages, plus attorneys' fees, interest, and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff on behalf of herself and the Class Members, pray for judgment against TD Bank granting the following relief:

1.      An order certifying this case as a class action and appointing Plaintiff to represent the Class and Plaintiff's counsel as Class counsel;

2.      All recoverable compensatory and other damages sustained by Plaintiff and the Class;

3.      Restitution and disgorgement of all amounts obtained by TD Bank as a result of its misconduct, together with interest;

4.      Actual and/or statutory damages for injuries suffered by Plaintiff and the Class in the maximum amount permitted by applicable law, including mandatory treble damages pursuant to the New Jersey Consumer Fraud Act;

5.      An order: (i) requiring TD Bank to immediately cease its wrongful conduct as set forth above; (ii) enjoining TD Bank from continuing to conceal material information and conduct business via the unlawful, unfair and deceptive business practices complained of herein; and (iii) requiring TD Bank to refund to Plaintiffs and all Class Members the funds they lost due to the shortchanging of their Penny Arcades and/or the 8% surcharge non-account holders paid for this service;

6.      Statutory and/or common law pre-judgment and post-judgment interest;

7.      Payment of reasonable attorneys' fees and costs as may be allowable under applicable law;

8.      Punitive damages; and

9.      Such other relief as the Court may deem just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff demands a trial by jury on all causes of action so triable.


By: <u>/s/ Bruce H. Nagel</u>
BRUCE H. NAGEL
**NAGEL RICE, LLP**
103 Eisenhower Parkway
Roseland, New Jersey 07068
973-618-0400
bnagel@nagelrice.com

<u>Of Counsel</u>
**JOSEPH SANTOLI**
340 Devon Court
Ridgewood, New Jersey 07450-1810
201-926-9200
josephsantoli@aol.com


Dated:  May 23, 2016